UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MALCOLM DOUGLAS CLARK, II )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF W.B. MELTON, et al. )<br>    Defendants. ) | No. 2 09 0039<br>(No. 2:09-mc-0002)<br>Judge Echols |

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Overton County Justice Center in Livingston, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against W.B. Melton, Sheriff of Overton County, and Mike Kruger, a member of the Overton County Sheriff's Department, seeking injunctive relief and damages.

On December 30, 2008, there was a shakedown of the plaintiff's housing unit. The shakedown was conducted by Officers Maynard and Randolph with the assistance of Brandon Grogan, the jail's Administrator. During the search of this area, legal papers were confiscated from the plaintiff and other inmates. The plaintiff suggests that these documents were taken from them in violation of their constitutional rights.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff

has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the defendants were never mentioned in the statement of plaintiff's claim. (Docket Entry No.1 at pg.5). The specific right or privilege that was allegedly violated was not identified by the plaintiff. Nor did he set forth in any way the role that each defendant allegedly had in the violation of that right. Consequently, the plaintiff has failed to state a claim against the defendants upon which relief can be granted. The Court, therefore, is obliged to dismissed this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Robert L. Echols
United States District Judge